UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| CAROL MINTZ, ) | Civil Action No.: 0:16-cv-0806-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| STONE & WEBSTER SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### I.   INTRODUCTION

In this employment discrimination case, Plaintiff alleges Defendant discriminated against her based on her race and age in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Plaintiff also alleges state causes of action for promissory estoppel and breach of contract. Presently before the court is Defendant's Motion to Dismiss (Document # 5) Plaintiff's promissory estoppel and breach of contract causes of action. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

### II.   FACTUAL ALLEGATIONS

Defendant is an engineering firm that was contracted to build the VC Summer Nuclear Plant in Fairfield County, South Carolina. Am. Compl. ¶ 2. Plaintiff previously worked for the Defendant's predecessor for several years without issue. Am. Compl. ¶ 9. Plaintiff left that job

voluntarily, in 2013, for a higher paying job at Duke Power, Inc. in North Carolina. Am. Compl. ¶ 10. Plaintiff's jobs at Defendant's predecessor and Duke both required security clearances which Plaintiff maintained. Am. Compl. ¶ 11. Plaintiff wanted to move back to South Carolina, in 2014, to be closer to her family. Am. Compl. ¶ 12. Plaintiff applied on June 2, 2014, for a position with the Defendant. Am. Compl. ¶ 13. Plaintiff received an offer letter that day from Whitney Murphy, the Defendant's recruiter. Am. Compl. ¶ 14. Plaintiff's offer letter described her position, Access Authorization Specialist 2; her start date, June 23, 2014; and the terms of Plaintiff's prospective employment. Am. Compl. ¶¶ 15-16 & Am. Compl. Exhibit 1: Offer Letter. Plaintiff accepted the offer that day. Am. Compl. ¶ 15. The offer was solely contingent upon "satisfactory results from a pre-employment drug screen, background check (where applicable) and that [Plaintiff be] legally eligible to work in the position for which [she] applied." Am. Compl. ¶ 17; quoting, Am. Compl. Ex. 1.

Plaintiff passed her pre-employment drug screen, Am. Compl. ¶ 20; Plaintiff passed her background check, Am. Compl. ¶ 21; see also Unescorted Access Authorization Adjudication (Ex. 3 to Am. Compl.); and Plaintiff was legally eligible to work in her position, Am. Compl. ¶ 22. Defendant's Unescorted Access Authorization Adjudication, states:

> Mrs. Mintz on the PHQ[1], section III, Criminal History has had no new additional charges since her favorable termination 01/18/2013. Mrs. Mintz has worked at two nuclear facilities and held UA/UAA at both (Brunswick and Sharon Harris) with her last Access at Sharron Harris was 06/19/2014. These issues have been reviewed by both VC Summer Construction Unites 2&3, Brunswick Nuclear Station, and Sharon Harris Nuclear Station. Based on this information she is approved for UA/UAA.

Defendant's Unescorted Access Authorization Adjudication pp. 16-17.

Plaintiff resigned from Duke, on June 3, 2014, the day after she accepted Defendant's offer

of employment. Am. Compl. ¶ 19; Resignation Letter (Ex. 2 to Am. Compl.).

Plaintiff's start date was delayed, and Plaintiff followed up with the Defendant's recruiter on June 25 to verify that she would be able to start work the next Monday, June 30. Am. Compl. ¶ 24. Defendant's recruiter assured Plaintiff that she would, stating: "Yes, you should be able to start Monday so we are good." Am. Compl. ¶ 25; Email Chain Murphey – Mintz 6/25/14 (Ex. 4 to Pl. Am. Compl.). Plaintiff's prospective supervisor, Robert Mack, wrote her on June 27, 2014: "We have you on Monday's roster, to arrive at 8:30 AM. We have not received a Final Notification from Charlotte but, it appears you have the go-ahead from them . . . Based on what they told you, COME ON DOWN! I'm VERY excited you are coming back!" Am. Compl. ¶ 26.

Plaintiff's start date was again delayed the morning of June 30. Am. Compl. ¶ 27. Plaintiff followed up with Robert Mack, on June 30, who assured her that Lynn Carr was getting the situation worked out. Am. Compl. ¶ 28. Later that day, at 4:45 PM, Mack wrote her: "I am very upset this is happening and Lynn is too. This is the most ridiculous thing I've witnessed yet. Please be patient; let's give it another day or two." Am. Compl. ¶ 29. Plaintiff received an email 40 minutes later rescinding her offer of employment. Am. Compl. ¶¶ 30-31; Niccolls/Murphey Email 6/30/14 (Ex. 5 to Am. Compl.). Plaintiff moved and left a higher paying job on the basis of the Defendant's offer. Am. Compl. ¶ 40.

### III. STANDARD OF REVIEW

Defendant seeks dismissal of Plaintiff's promissory estoppel and breach of contract claims pursuant to Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual

matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003). The court may consider documents attached to a complaint or motion to dismiss "so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir.2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n. 1 (4th Cir.2006)).

## IV.  DISCUSSION

Defendant argues that Plaintiff fails to state a claim upon which relief can be granted with respect to her breach of contract and promissory estoppel causes of action because Plaintiff bases these claims on a conditional offer of at-will employment.

It is well-held in South Carolina that the termination of an at-will employee does not give

rise to a breach of contract claim. Epps v. Clarendon County, 304 S.C. 424, 405 S.E.2d 386, 387 (1991). The facts in the present case are analogous to those in White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1217 (D.S.C. 1992) aff'd, 998 F.2d 1011, 1993 WL243709 (4th Cir. 1993). In White, the plaintiff applied for a position with Roche, and completed an application, in which he acknowledged his understanding that employment was based upon satisfactory reference information and a pre-employment physical examination. Id. at 1214. White interviewed for the position and was told by the manager that he would need a copy of White's driving record and a drug screening test. Id. At the conclusion of the interview, the manager told White that he would hire him for a part-time position and would contact him to let him know when the job was available. Id. On May 23, the manager contacted White and offered him a job for an indefinite term to begin on June 3. Id. The manager informed White that he still needed a copy of his driving record. Id. The next day, White delivered to the manager a copy of his driving record and gave his current employer notice of his resignation. Id. On May 27, the manager contacted White and told him that he could not hire him because of the number of traffic violations on his driving record. Id. The court held that the defendant was entitled to summary judgment on White's breach of contract claim:

> Even assuming that plaintiff's acceptance of the job offer was sufficient to form a contract of employment, the contract was terminable at will. Under South Carolina law, an employer has the right, with certain specific exceptions not applicable here, to terminate an individual employed for an indefinite period of time at will, unless the employee has provided independent consideration in addition to services rendered. Small v. Springs Indus., Inc., 300 S.C. 481, 388 S.E.2d 808, 810 (1990) ("Springs II"); Weber v. Perry, 201 S.C. 8, 21 S.E.2d 193, 194 (1942). When an employer has the right to terminate at will, it may do so at any time, including the period after the employee has accepted an offer but before the employee begins work, Payne v. FMC Corp., 6 Indiv.Empl.Rights Cas. (BNA) 1138, 1141, 1991 WL 352415 (D.S.C.1991); "for any reason or for no reason at all," Springs II, 388 S.E.2d at 810; with or without cause, Johnson v. American Ry. Express Co., 163

> S.C. 191, 161 S.E. 473, 476 (1931); and the employer is not required to explain its decision to the employee. Parker v. Southeastern Haulers Inc., 210 S.C. 18, 41 S.E.2d 387, 393 (1947). The termination of employment at will does not normally give rise to a cause of action for breach of contract. Epps v. Clarendon County, 304 S.C. 424, 405 S.E.2d 386, 387 (1991).

Id. at 1215.

Citing Weber v. Perry, 201 S.C. 8, 21 S.E.2d 193, 194 (1942), Plaintiff argues that the facts in her case can give rise to a breach of contract claim because she provided independent consideration in the form of quitting her higher-paying job. However, the facts in Weber are distinguishable. In Weber, the plaintiff was required, as part of the parties' contract, to abandon his established business in another state in order to be employed by the defendant. In addition, the contract of employment included a for cause provision. Id. at 193 (contract said "plaintiff should be discharged only if he failed to properly perform his duties and obligations under the contract, and that if it became necessary for defendant to discharge him, he should be given such notice as would be reasonable and proper under the circumstances"). Here, Plaintiff did not enter into a contract requiring her to abandon another business in order to be employed by Defendant, nor was there any requirement that Plaintiff could only be discharged for cause. The facts in the present case are much more analogous to those in White, where, as discussed, the court entered summary judgment in favor of the defendant on the plaintiff's breach of contract claim. Likewise, for the same reasons discussed in White, Plaintiff fails to allege facts sufficient to state a claim for breach of contract that is plausible on its face, and dismissal is appropriate.

Plaintiff also raises a claim for promissory estoppel. To sufficiently state such a claim, a plaintiff must allege (1) the presence of a promise unambiguous in its terms; (2) reasonable reliance upon the promise by the party to whom the promise is made; (3) the reliance is expected

and foreseeable by the party who makes the promise; and (4) the party to whom the promise is made must sustain injury in reliance on the promise. White, 807 F. Supp. at 1217 (citing Powers Constr. Co. v. Salem Carpets, Inc., 322 S.E.2d 30, 33 (Ct. App. 1984)). Defendant argues that dismissal is appropriate on this claim as well because reliance on an offer of at-will employment is unreasonable as a matter of law. In White, the court held that it would be inappropriate to apply promissory estoppel to the facts of that case because

> a promise of employment for an indefinite duration with no restrictions on the employer's right to terminate is illusory since an employer who promises at-will employment has the right to renege on that promise at any time for any reason. "A determining factor in deciding whether to enforce a promise under the theory of promissory estoppel is the reasonableness of the promisee's reliance." Storms v. Goodyear Tire & Rubber Co., 775 F.Supp. 862, 868 (D.S.C.1991). The Court finds that reliance on a promise consisting solely of at-will employment is unreasonable as a matter of law since such a promise creates no enforceable rights in favor of the employee other than the right to collect wages accrued for work performed. Colosi v. Electri-Flex Co., 965 F.2d 500, 504 (7th Cir.1992). Therefore, because plaintiff cannot establish an essential element of his cause of action for promissory estoppel, the Court will grant summary judgment in favor of defendant on this claim.

Id. at 1219-20.

Plaintiff argues that the South Carolina Court of Appeals' decision in Bishop v. City of Columbia, 401 S.C. 651, 738 S.E.2d 255 (Ct. App. 2013), alters the law in White because the Bishop court found that promissory estoppel can exist in the workplace. See Pl. Resp. p. 7. However, the court in White did not hold that promissory estoppel could never arise in the employment context. Rather, the court noted its belief that "the South Carolina Supreme Court would apply promissory estoppel in favor of an employee against his employer under the appropriate circumstances." White, 807 F.Supp. at 1217. Nevertheless, White found that a promise of at-will employment was not one of those circumstances. The Bishop court does not address at-will employment. Rather, Bishop involves oral promises made by the employer during

-8-

the course of the plaintiffs' employment that, upon retirement, they would receive certain benefits for free. Bishop, 401 S.C. at 666, 738 S.E.2d at 263. Thus, the holding in Bishop is inapplicable here. For the same reasons discussed in White, Plaintiff fails to allege facts sufficient to state a claim for promissory estoppel that is plausible on its face, and dismissal is appropriate.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss (Document # 5) be granted and Plaintiff's claims for breach of contract and promissory estoppel be dismissed.

                                        s/Thomas E. Rogers, III
                                        Thomas E. Rogers, III
                                        United States Magistrate Judge

August 26, 2016
Florence, South Carolina